**Christina Thacker,** OSB No. 014279
cthacker@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile: (503) 274-1212
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMANDA WILSON, fka AMANDA MUNDY, | CV. 3:11-CV-1392-ST |
| Plaintiff, | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| SANDOVAL'S FRESH MEXICAN GRILL, INC., an Oregon corporation; and DANIEL SANDOVAL, | |
| Defendants. | |

Defendants Sandoval's Fresh Mexican Grill, Inc. and Daniel Sandoval (collectively, "defendants"), for their answer to Plaintiffs' Complaint, admit, deny, and allege as follows:

1.

Responding to paragraph 1, Defendants respond that Plaintiff's allegations fail to state a claim upon which relief may be granted. Defendants further respond that they deny the

Page 1 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

allegations. Defendants further respond that the allegation regarding jurisdiction is not one that requires a response from Defendants. Defendants, however, admit that this court has jurisdiction over this matter based on plaintiff's allegations of diversity jurisdiction.

2.

Responding to paragraph 2, Defendants admits that Plaintiff was employed in Oregon and Defendants operate in Oregon. To the extent Defendants have not specifically responded to all allegations, Defendants deny the remaining allegations.

3.

Responding to paragraph 3, Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff is or was a resident of Washington.

4.

Responding to paragraph 4, Defendants admit the allegations.

5.

Responding to paragraph 5, Defendants admit the allegations, except to the extent that Plaintiff alleges she began working at Defendant Sandoval's Fresh Mexican Grill (Defendant Sandoval's) in June 2008. Plaintiff did not begin working at Defendant Sandoval's until July 31, 2008.

6.

Responding to paragraph 6, Defendants admit that Defendant Daniel Sandoval is the President of Defendant Sandoval's. Defendants further admit that Defendant Sandoval employed a general manager to oversee the day-to-day operations. To the extent Defendants have not specifically admitted the allegations, Defendants deny the remaining allegations.

7.

Responding to paragraphs 7 and 8, Defendants deny the allegations.

Page 2 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

8.

Responding to paragraph 9, Defendants admit that Plaintiff voluntarily resigned her employment on or about July 9, 2010. Plaintiff did not make any mention of a sexually hostile working environment upon or before her resignation. To the extent Defendants have not specifically admitted the allegations, Defendants deny the remaining allegations.

9.

Responding to paragraphs 10, 11, and 12, Defendants deny the allegations.

10.

Responding to paragraph 13, Defendants admit the allegations.

11.

Responding to paragraph 14, Defendants reallege their responses to paragraphs 1 through 7 and paragraph 9.

12.

Responding to paragraphs 15, 16, 17, and 18, Defendants deny the allegations.

13.

Responding to paragraph 19, Defendants reallege their responses to paragraphs 1 through 7, and paragraphs 9 and 15.

14.

Responding to paragraphs 20, 21, 22, and 23, Defendants deny the allegations.

15.

Responding to paragraph 24, Defendants reallege their responses to paragraphs 1 through 7, and paragraphs 9, 15, and 20.

16.

Responding to paragraphs 25, 26, 27, 28, 29, and 30, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof, Defendants set forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

17.

The Complaint fails to state facts sufficient to constitute a cause of action against defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Not Allowed)

18.

Plaintiff has failed to allege facts upon which a claim for punitive and/or exemplary damages may be granted. Defendant is not liable for punitive damages under federal or state law because Defendant did not commit any act with malice or reckless indifference to Plaintiff's federally or state-protected rights, or approve, authorize, or have actual knowledge of any such acts.

### THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions/Inactions)

19.

Any alleged injury caused to Plaintiff was caused, in whole or in part, by her own actions or inactions.

//
//
//
//

Page 4 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

00239565.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## FOURTH AFFIRMATIVE DEFENSE

### (Unreasonable Conduct)

20.

Any alleged injury caused to Plaintiff was caused, in whole or in part, by her own unreasonable conduct in failing to report any of the alleged conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

21.

Plaintiff is estopped by reason of her own conduct, acts, or omissions, or those of her agents, from recovering against Defendants on any purported cause of action contained in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (No Intentional Infliction of Emotional Distress)

22.

Defendants did not form the requisite intent to inflict emotional distress upon Plaintiff, nor did any act by or attributable to Defendants constitute extraordinary transgressions beyond the bounds of socially tolerable conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injury)

23.

Plaintiff sustained no injury or damage as a proximate result of any act by or attributable to Defendants. Any alleged suffering was not a direct, proximate or natural result of any act by or attributable to Defendants.

//

//

Page 5 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

24.

Plaintiff failed to exercise reasonable care and diligence to mitigate her alleged damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

25.

Some or all of Plaintiff's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (No Constructive Discharge)

26.

Plaintiff cannot establish a claim for discrimination or harassment because her resignation from employment was voluntary and did not constitute adverse employment actions.

## ADDITIONAL DEFENSES

27.

Defendants have not yet completed its investigation of all facts and circumstances of the subject matter of the Complaint. Accordingly, Defendants reserve the right to amend, modify, revise or supplement the Answer, and to plead such further defenses and take such further actions as Defendants deem proper and necessary in their defenses and take such further actions as Defendants deem proper and necessary in their defense upon the completion of their investigation.

//

//

Page 6 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

WHEREFORE, Defendants pray for the following relief:

1. For judgment against Plaintiff on all Plaintiff's claims for relief;

2. For an award of Defendants' reasonable costs, attorneys' fees and disbursements incurred herein; and

3. For such further relief as the Court deems just, equitable and proper.

DATED this 27th day of January, 2012.

BARRAN LIEBMAN LLP

By _____
Christina Thacker, OSB No. 014279
Telephone: (503) 228-0500
Of Attorneys for Defendants

Page 7 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2012, I served the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

Donald B. Potter
Spaulding & Potter LLP
621 SW Morrison Street, Suite 140
Portland, OR 97205
Attorneys for Plaintiff

by the following indicated method or methods set forth below:

☒ Electronic Filing using the Court's ECF System

☐ Facsimile

☐ First-class mail, postage prepaid

☐ Hand-delivery

☐ Overnight courier, delivery prepaid

*Christina Thacker*
Christina Thacker

Page 8 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES